PEOPLE vs. BULLOCK.

*Sixth Judicial District Court, July, 1857.*

VENUE—IMPARTIAL TRIAL.

The fact that a fair and impartial trial cannot be had must be clearly and positively established. The venue will not be changed unless it clearly appears to be essential to the ends of justice. A publication, by newspapers, of the facts of a homicide, with comments and the evidence before the coroner's jury, is not sufficient to demand a change of venue.

The facts are referred to in opinion by the Court.

Motion to change place of trial.

*F. Hereford*, District Attorney.

*W. H. Weeks*, for defendant.

MONSON, J.  The defendant in this case asks for a change of venue, on the ground that a fair and impartial trial cannot be had in this county.  The court, when satisfied that such is the case, is authorized by statute to remove the cause to some other county, but the fact must be clearly and positively established.  People vs. Bodine, 7 Hill Rep. p. 147.  This rule is founded on good sense.  As said by Chief Justice Nelson, (7 Hill Rep. 148) its practical operation will prove an essential check upon the facility with which these motions may be got up by the prisoner and his friends, from a too ready apprehension of undue influence—it will guard against any abuse of the practice by the prisoner, and at the same time afford him every reasonable means or opportunity of changing the place of trial, when undue prejudice and partiality really exist to an extent incompatible with a pure and wholesome administration of the law.

The mere prevalence of some excitement in a county upon the subject matter of a suit will not, of itself, authorize the court to change the place of trial.  The court will not, from that fact alone, infer that a fair and impartial trial cannot be had; reliance will be placed upon the intelligence and integrity of jurors, and the venue will not be changed unless it clearly appears to be essential to the ends of justice.  Murray vs. N. J. R. R. Co., 3 Zabr. 64 ; Bowman vs. Ely, 2 Wend. p. 250 ; Messinger vs. Holmes, 12 Wend. p. 203.  The mere affidavit of the prisoner of his fear or belief that he cannot have a fair and impartial trial, is not sufficient to sustain the motion; but he is required to show, by independent and disinterested testimony, such facts as make it appear probable, at least, that his fears and belief are well founded.  Wormley's case, 10 Gratt. p. 672.

In the above case it was shown that subscription papers had been circulated to raise a fee for the employment of counsel to aid in the prosecution, and that they had been signed by twenty or thirty persons.  It was further shown, that shortly after the homicide was committed, there had been considerable excitement against the accused in

the immediate neighborhood; and that on several occasions persons had been heard to express the belief that the people would not bear an acquittal; that some who were present at the inquest, and others who were present at the examining court, had expressed the belief that the people would have proceeded to put the accused to death, if the suggestion had been made by leading men present; and one of the witnesses stated that he had heard a person say, that if the prisoner was acquitted by a jury, he would not be surprised if he was hung before he got far from the Court House; that some six or eight persons were present on the occasion, who seemed to nod assent: yet as it did not appear that the excitement was general, nor that the inhabitants of the county generally entertained feelings of hostility towards the prisoner, the motion for a change of venue was denied, and properly so, said the appellate court.

In this case the motion is predicated upon the affidavits of the prisoner and his counsel. The affidavits allege that the homicide caused great excitement, and that the inhabitants of this county are greatly prejudiced against the prisoner. I am unable to discover (apart from the representation of the prisoner and his counsel,) any evidence tending to show that the citizens of this county have been so much and so generally excited with regard to the homicide, as to render a fair and impartial trial improbable, much less impossible. The mere fact that the newspapers, on the morning after the difficulty, published the particulars of it, and subsequently the evidence taken at the coroner's inquest, with editorial remarks expressing the opinion that the prisoner was guilty of murder, affords no sufficient ground for a change of venue. It does not prove that the people of this county are so much excited as to render a fair and impartial trial improbable. The homicide does not appear to have been a general and universal subject of conversation at any time; it attracted some attention for a day or two in this city, but it does not appear that in the county outside of the city that it was ever much discussed. The newspapers referred to by the prisoner in his affidavit, only alluded to it in one or two publications. The editors did not continue to call public attention to it. No threats appear to have been made against the prisoner. It is not shown that any serious portion of the community are hostile to him. In fact, there is nothing in the evidence that would justify me

in entertaining the supposition that the prisoner cannot have a fair and impartial trial in this county. I therefore deny the motion for a change of venue.